UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Securities and Exchange Commission, | : |
| Plaintiff, | : Case No. 1:02CV 827 |
| v. | : Judge O'Malley |
| Edward Fruchtenbaum, | : |
| Defendant. | : |

**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S
MOTION IN LIMINE TO EXCLUDE EVIDENCE AND ARGUMENT
PURPORTING TO SHOW THAT
<u>AMERICAN GREETINGS RATIFIED THE DEFENDANT'S CONDUCT</u>**

Plaintiff Securities and Exchange Commission ("Commission") files this motion in limine in support of its request for a ruling prohibiting Defendant Fruchtenbaum from presenting evidence or argument at trial purporting to show that American Greetings Corporation ("American Greetings") ratified his conduct. For the reasons set forth below, Plaintiff's motion should be granted.

**BACKGROUND**

A motion in limine is a request for guidance by the Court regarding an evidentiary question.  United States v. Luce 713 F.2d 1236, 1239 (6th Cir. 1983).  The Court may provide such guidance by making a preliminary ruling with respect to the admissibility of evidence at trial.  Id.  By providing such guidance now, valuable judicial resources will be preserved and trial testimony will not be needlessly interrupted.  In short, when, as here, the Federal Rules of Evidence preclude the introduction of evidence the motion should be granted.

The Defendant asserts as an affirmative defense that American Greetings ratified his stock sales after the sales had occurred.  However, the board of directors of a corporation cannot, through action or inaction, relieve a corporate officer of liability for illegal acts with which he is charged in a government law enforcement action.  See, e.g., United States v. Ross, 131 F.3s 970, 982 (11th Cir. 1997)("Ratification or condonation is not a defense for past criminal behavior"); United States v. Larson, 581 F.2d 664, 668 n. 5 (7th Cir. 1978)(even if construed as approval, subsequent action by directors would not be a defense to charge against officer of willful misapplication of bank funds, since the misapplication preceded the putative approval); Gilbert v. United States, 359 F.2d 285, 287 (9th Cir. 1966)("If his acts constituted a criminal offense, what the taxpayers may have done thereafter by way of condonation is totally irrelevant, for the policy of the law is well settled, that a private person may not excuse a criminal act"); Reiger v. United States, 107 F. 916, 925 (8th Cir. 1901)(subsequent, implicit consent of bank officer no defense, if the act violated the law at the time it occurred); Simpson v. United States, 229

F. 940, 945 (9th Cir. 1916)(criminal act complete at the time it occurs; doctrine of ratification has little application to criminal law); see also State v. Warner, 55 Ohio St. 3d 31, 564 N.E.2d 18, 49-50 (1990)(overwhelming weight of federal and state authority rejects defense of subsequent ratification).

In this case, the Commission charges that the Defendant violated antifraud provisions contained in the Securities Act of 1933 and the Securities Exchange Act of 1934. It is irrelevant whether the victim of such a violation is satisfied with the defendant's conduct. See Hughes v. SEC, 174 F.2d 969, 974 (D.C. Cir. 1949) (the Commission is empowered by statute and, in fact is required, to enforce the securities laws, even when the victims of a fraud "have knowledge of, completely understand, or condone and profit by the acts of the broker-dealer which constitute willful violation of statute"); *Simpson and Pattee*, Admin. Proc. File No. 3-9458, 2002 SEC LEXIS 1278 at *45 (May 14, 2002)(in context of fraud charges against sales person of brokerage firm, "after-the-fact 'acceptance' of an unauthorized trade does not transform that transaction into an authorized trade")(citations omitted). Simply put, the statutory violation at issue in this case is a public wrong, not a private wrong; and the government is indifferent to the feelings of the victim of the violation. See Breaker v. State, 103 Ohio St. 670, 671, 134 N.E. 479, 480 (1921).

## ARGUMENT

Rule 401 of the Federal Rules of Evidence defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the

3

evidence." Rule 402 of the Federal Rules of Evidence provides generally that evidence which is not relevant is not admissible.

While the standard for determining whether evidence is relevant is admittedly very liberal, see <u>Physician Care, P.C. v. Caremark, Inc.</u>, 16 F.Supp.2d 806, 812 (E.D. Mich. 1998), logic or general experience must be applied in determining whether there is a relationship between the item of evidence and the propositions at issue in the case. See <u>United States v. Craft</u>, 407 F.2d 1065, 1069 (6th Cir. 1969).

At the same time, Rule 403 of the Federal Rules of Evidence allows for the exclusion of evidence when, as here, "its probative value is substantially outweighed by the danger of confusion of the issues or misleading the jury . . ." The Sixth Circuit has recognized that under Rule 403 of the Federal Rules of Evidence the central issue is whether there is good cause to exclude even otherwise admissible evidence because it might "confuse, mislead or somehow create an irrational reaction from the jury that would undermine the legitimacy of the verdict." See <u>United States v. Aguwa</u>, 123 F.3d 418, 420 (6th Cir. 1977); <u>see</u> also <u>Koloda v. General Motors Parts Division, General Motors Corp.</u>, 716 F.2d 373, 377-378 (6th Cir. 1983).

In this case, the Commission has charged Defendant Fruchtenbaum with fraudulently selling stock on the basis of material, nonpublic information. If the defendant violated the relevant antifraud provisions of the federal securities laws, as charged by the Commission, neither American Greetings' directors nor any other private party can, as a matter of law, excuse the defendant from liability for his statutory violation. Nor can any private party foreclose the Commission from fulfilling its Congressionally mandated mission to enforce the securities laws. Even assuming for

4

purposes of argument that the directors of American Greetings did ratify the defendant's conduct, that ratification would have no legal effect in this case. It follows that any evidence of purported ratification, as well as any related argument, would be irrelevant under Fed. R. Evid. 401 and would only tend to confuse and mislead the jury. All such evidence and argument should therefore be excluded under Fed. R. Evid. 402 and 403.

## CONCLUSION

Based on the foregoing, Plaintiff Securities and Exchange Commission respectfully requests that the Court enter an order granting Plaintiff's motion in limine and preclude Defendant Fruchtenbaum from eliciting any evidence or making any argument purporting to show that American Greetings ratified his conduct

Respectfully submitted,

Dated: April 16, 2003

/s/ Dee A. O'Hair
John E. Birkenheier
Illinois Bar No. 6270993
birkenheierj@sec.gov
Dee A. O'Hair
Ohio Bar No. 0063523
o'haird@sec.gov
Attorneys for Plaintiff
175 W. Jackson Blvd.
Suite 900
Chicago, IL 60604
Telephone: (312) 353-7390
Facsimile: (312) 353-7398

**Local Counsel**
/s/ Steven J. Paffilas
Steven J. Paffilas
Ohio Bar No. 0037376
Steven.Paffilas@usdoj.gov
Office of the U.S. Attorney
Carl B. Stokes United States Court House
801 West Superior Avenue, Suite 400
Cleveland, OH 44113-1852
Telephone: 216-622-3698

**CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of April, 2003 a copy of the foregoing Plaintiff's Motion in Limine was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Dee A. O'Hair
Dee A. O'Hair
One of the Attorneys for Plaintiff
Securities and Exchange Commission
175 W. Jackson, Blvd.
Suite 900
Chicago, Illinois 60604
(312) 353-7390

DATED: April 16, 2003