UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Securities and Exchange Commission, : | |
| : | Case No. 1:02CV 827 |
| Plaintiff, : | |
| : | Judge O'Malley |
| v. : | |
| : | |
| Edward Fruchtenbaum, : | |
| : | |
| Defendant. : | |

PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S
MOTION IN LIMINE TO EXCLUDE EVIDENCE AND ARGUMENT
PURPORTING TO SUPPORT ASSERTION THAT AMERICAN GREETINGS
BENEFITED FROM DEFENDANT'S SALE OF CLASS B SHARES

Plaintiff Securities and Exchange Commission ("Commission") files this motion in limine in support of its request for a ruling prohibiting Defendant Fruchtenbaum from presenting evidence or argument at trial purporting to show that American Greetings benefited from the defendant's sale of Class B shares to the company on December 21, 1998. For the reasons set forth below, Plaintiff's motion should be granted.

**BACKGROUND**

A motion in limine is a request for guidance by the Court regarding an evidentiary question. United States v. Luce, 713 F.2d 1236, 1239 (6th Cir. 1983). The Court may provide such guidance by making a preliminary ruling with respect to the admissibility of evidence at trial. Id. By providing such guidance now, valuable judicial resources will be preserved and trial testimony will not be needlessly interrupted. In short, when, as here, the Federal Rules of Evidence preclude the introduction of evidence the motion should be granted.

The defendant asserts by way of a defense that American Greetings actually benefited from his December 21, 1998 sale of 25,500 Class B shares to the company. As the defendant has explained this defense, it rests on the fact that at the time of his sale American Greetings was in the middle of a publicly announced program to repurchase several million dollars worth of Class A shares on the open market. On December 21, 1998 American Greetings bought a large number of Class A shares from members of the public, at prices slightly higher than the $40 per share price at which the defendant sold his Class B shares to the company. The defendant speculates that if he had not sold his 25,500 Class B shares that day, American Greetings would have bought an additional 25,500 shares of Class A shares at prices slightly higher than $40 per share (Exhibit A).

Discovery has shown that there is no factual basis for the defendant's assertion. The American Greetings officials who managed the Class A share repurchase program testified at their depositions that transactions in Class B shares had no effect whatsoever on the number of Class A shares that the company bought on the open market (Exhibits B, C, D). Consequently, introducing evidence or argument about the Class A share

repurchases made on December 21, 1998 could only serve to confuse and mislead the jury.

### ARGUMENT

Rule 403 of the Federal Rules of Evidence allows for the exclusion of evidence where, as here, "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." The Sixth Circuit has recognized that under Rule 403 of the Federal Rules of Evidence the central issue is whether there is good cause to exclude even otherwise admissible evidence because it might "confuse, mislead or somehow create an irrational reaction from the jury that would undermine the legitimacy of the verdict." See United States v. Aguwa, 123 F.3d 418, 420 (6th Cir. 1977); see also Koloda v. General Motors Parts Division, General Motors Corp., 716 F.2d 373, 377-378 (6th Cir. 1983).

Evidence and argument purportedly supporting the defense that American Greetings benefited from the defendant's December 21, 1998 sale of 25,500 Class B would create a serious risk of confusing, misleading, or causing an irrational reaction from the jury. American Greetings did in fact purchase Class A shares on the open market on December 21, 1998. But, purchases under the Class A share repurchase program were unaffected by transactions in Class B shares. If evidence of the Class A share purchases made on December 21, 1998 were to be admitted into evidence and considered by the jurors, there would be a serious risk that the evidence would confuse the jurors and mislead them into erroneously concluding that the number of Class A shares purchased on December 21 was somehow affected by the defendants' sale of Class

B shares that day. Accordingly, such evidence, and related argument, should be excluded under Fed. R. Evid. 403.

## CONCLUSION

Based on the foregoing, Plaintiff Securities and Exchange Commission respectfully requests that the Court enter an order granting Plaintiff's motion in limine and preclude Defendant Fruchtenbaum from eliciting any evidence or making any argument purporting to show that American Greetings benefited from the defendant's sale of Class B shares to the company on December 21, 1998.

Respectfully submitted,

/s/ Dee A. O'Hair
John E. Birkenheier
Illinois Bar No. 6270993
birkenheierj@sec.gov
Dee A. O'Hair
Ohio Bar No. 0063523
o'haird@sec.gov
Attorneys for Plaintiff
175 W. Jackson Blvd., Suite 900
Chicago, IL 60604
Telephone: (312) 353-7390
Facsimile: (312) 353-7398

**Local Counsel**
/s/ Steven J. Paffilas
Steven J. Paffilas
Ohio Bar No. 0037376
Steven.Paffilas@usdoj.gov
Office of the U.S. Attorney
Carl B. Stokes United States Court House
801 West Superior Avenue, Suite 400
Cleveland, OH 44113-1852
Telephone: 216-622-3698

Dated: April 16, 2003

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of April, 2003 a copy of the foregoing Plaintiff's Motion in Limine was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                s/ Dee A. O'Hair
                                                Dee A. O'Hair
                                                One of the Attorneys for Plaintiff
                                                Securities and Exchange Commission
                                                175 W. Jackson, Blvd.
                                                Suite 900
                                                Chicago, Illinois 60604
                                                (312) 353-7390

DATED: April 16, 2003