

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

                        **Plaintiff,**

           **v.**

EDWARD FRUCHTENBAUM,

                       **Defendant.**

**Case No. 1:02cv0827**

**JUDGE O'MALLEY**

# FINAL JUDGMENT AS TO DEFENDANT
# EDWARD FRUCHTENBAUM

The Securities and Exchange Commission having filed a Complaint and Defendant

Edward Fruchtenbaum ("Defendant") having entered a general appearance; consented to the

Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of

this Final Judgment without admitting or denying the allegations of the Complaint (except as to

jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

## I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant, Defendant's agents, servants, employees, attorneys, assigns, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)      to employ any device, scheme, or artifice to defraud;

    (b)      to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)      to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant, Defendant's agents, servants, employees, attorneys, assigns, and all persons in active concert or

participation with them who receive actual notice of this Final Judgment by personal service or

otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities

Act of 1933 [15 U.S.C. § 77q(a)] by, in the offer or sale of any security by the use of any means

or instruments of transportation or communication in interstate commerce or by use of the mails,

directly or indirectly:

(a)     employing any device, scheme, or artifice to defraud;

(b)     obtaining money or property by means of any untrue statement of a material fact

or any omission of a material fact necessary in order to make the statements

made, in light of the circumstances under which they were made, not misleading;

or

(c)     engaging in any transaction, practice, or course of business which operates or

would operate as a fraud or deceit upon the purchaser.

## III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

is liable for disgorgement of $79,437, together with prejudgment interest thereon in the amount

of $28,711, for a total of $108,148.  Defendant shall satisfy this obligation by two payments to

the Clerk of this Court, each one together with a cover letter identifying Edward Fruchtenbaum

as a defendant in this action; setting forth the title and civil action number of this action and the

name of this Court; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of such payment and letter to the SEC's

counsel in this action.  By making these payments, Defendant relinquishes all legal and equitable

3

Case: 1:02-cv-00827-KMO  Doc #: 63  Filed: 07/16/03  4 of 6.  PageID #: 1279

right, title, and interest in such funds, and no part of the funds shall be returned to Defendant. The Clerk shall deposit the funds into an interest bearing account with the Court Registry Investment System ("CRIS"). These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held by the CRIS until further order of the Court. In accordance with the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund. Such fee shall not exceed that authorized by the Judicial Conference of the United States. The Commission may propose a plan to distribute the Fund subject to the Court's approval. Defendant shall pay the amount required under this Section as follows: ten days after the entry of this final judgment, Defendant shall pay $54,074 plus post-judgment interest to the United States District Court for the Northern District of Ohio as provided above; and 90 days after the entry of this final judgment, Defendant shall pay $54,074 plus post-judgment interest to the United States District Court for the Northern District of Ohio as provided above, provided, however, that if any payment is not made on the date it is due, the entire unpaid balance shall become immediately due and payable. Post-judgment interest shall be calculated pursuant to 28 U.S.C. § 1961.


## IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay a civil penalty in the amount of $238,311 pursuant to Section 21A of the Exchange Act [15 U.S.C. § 78u-1]. Defendant shall satisfy this obligation by three payments to be made by certified check, bank cashier's check, or United States postal money order payable to the Securities and

4

Exchange Commission. Each of these three payments shall be delivered or mailed to the Office

of Financial Management, Securities and Exchange Commission, Operations Center, 6432

General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a

letter identifying Edward Fruchtenbaum as a defendant in this action; setting forth the title and

civil action number of this action and the name of this Court; and specifying that payment is

made pursuant to this Final Judgment. Defendant shall pay the amounts required under this

Section in three installments as follows: 180 days after the entry of this Final Judgment,

Defendant shall pay $54,074 plus post-judgment interest to the Securities and Exchange

Commission as provided above; 270 days after the entry of this Final Judgment, Defendant shall

pay $54,074 plus post-judgment interest to the Securities and Exchange Commission as provided

above; and 360 days after the entry of this Final Judgment, Defendant shall pay $130,163 plus

post-judgment interest to the Securities and Exchange Commission as provided above; provided,

however, that if any payment is not made on the date it is due, the entire unpaid balance shall

become immediately due and payable. Post-judgment interest shall be calculated pursuant to 28

U.S.C. § 1961.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that for a period of five

years beginning with the date of entry of this Judgment the Defendant is prohibited from acting

as an officer or director of any issuer that has a class of securities registered pursuant to Section

12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section

15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

5

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Defendant's

Consent is incorporated herein with the same force and effect as if fully set forth herein, and that

Defendant shall comply with all of the undertakings and agreements set forth therein.

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant's Answer,

motions, and other papers on file in this action are hereby withdrawn.

VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain

jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: _July 14_, 2003

_Kathleen M. O'Malley_
UNITED STATES DISTRICT JUDGE

6